**Hiram H. HOELZER, Plaintiff–Appellee,**

v.

**The CITY OF STAMFORD, CONNECTICUT, Defendant–Appellant.**

**No. 1615, Docket 92–7186.**

United States Court of Appeals, Second Circuit.

Argued May 19, 1992.

Decided Aug. 13, 1992.

Stephen A. Wise, New Canaan, Conn. (Wise and Layton, of counsel), for plaintiff-appellee.

James V. Minor, Asst. Corp. Counsel, Stamford, Conn. (Daniel M. McCabe, Corp. Counsel, of counsel), for defendant-appellant.

Before LUMBARD, VAN GRAAFEILAND and KEARSE, Circuit Judges.

LUMBARD, Circuit Judge:

The City of Stamford, Connecticut, appeals from a judgment of the District Court for the Southern District of New York, Louis L. Stanton, *Judge,* awarding Hiram Hoelzer $557,200 as *quantum meruit* compensation for art restoration services he performed on six murals belonging to the City, in the belief that they belonged to him. In this action to quiet title in October 1989, Judge Stanton entered partial judgment holding that title to the murals rested in the City. We affirmed and remanded the case for trial to determine whether Hoelzer was entitled to any compensation. After taking additional evidence, the district court awarded Hoelzer $557,200. On appeal, the City contends that Hoelzer is not entitled to equitable relief because he did not perform the restoration work in good faith and that the damages exceed the benefits conferred and that they were excessive. We affirm but direct modification of the judgment to allow the City of Stamford to satisfy the award by returning the murals to Hoelzer, within a reasonable time to be set by the district court.

In 1934, the Works Progress Administration (W.P.A.), commissioned James Daugherty, a nationally known artist, to paint a set of six murals, each over 8 feet high and with a combined length of over 100 feet, on canvas affixed to the walls of the Stamford High School.[1] In 1970, when the school was renovated, workers removed the murals from the walls and placed them outside with other construction debris. Frank Bowne, a recent graduate of the school,

---

1. The facts are recited in greater detail in Judge Kaufman's thorough opinion at 933 F.2d 1131 (2d Cir.1991).

discovered the murals and took them home, where he stored them in the garage.

In 1971, Bowne gave the murals to Karel Yasko, supervisor of the Fine Arts Inventory Project of the U.S. General Services Administration (G.S.A.), who placed the murals with Hiram Hoelzer, a noted art restorer in New York. In April of 1972, Hoelzer wrote to Yasko to explain the wet, dirty and damaged condition of the murals and the scope of the restoration project. Although Yasko did not respond, Hoelzer nevertheless began working to stabilize and restore the murals.

Throughout the 1970s and early 1980s, Hoelzer continued work on the murals, periodically requesting direction and compensation from Yasko, who made no response. The City did not know the whereabouts of the murals and took no steps to locate them during the 1970s. Sometime in the 1980s, at the insistence of Daugherty's son, the City contacted Hoelzer about the possibility of returning the murals to their original place in the Stamford High School.

Hoelzer then telephoned the G.S.A. seeking title to the murals. Meanwhile, Yasko had died, and the G.S.A. disclaimed any interest in the murals, telling Hoelzer to resolve the issue with the City. In subsequent correspondence, Hoelzer and the City each claimed to own the murals, which have been appraised by Deborah Coy Ahearn of Sotheby's at $1,250,000.

Finally, on January 10, 1989, Hoelzer brought suit in New York Supreme Court, Westchester County, seeking declaratory judgment awarding him title or alternatively recovery, in *quantum meruit*, for the value of his services in restoring and safeguarding the murals. The City then removed the case to federal court.

On October 16, 1989, Judge Stanton found that the City never abandoned the murals and still owned them. *Hoelzer v. City of Stamford*, 722 F.Supp. 1106 (S.D.N.Y.1989). We affirmed, noting that Hoelzer could "pursue whatever claim exists for equitable compensation" for his restoration services. *Hoelzer v. City of Stamford*, 933 F.2d 1131, 1139 (2d Cir. 1991). Subsequently, on January 29, 1992,

Judge Stanton found that Hoelzer had performed the restoration work in the good faith belief the murals belonged to him. Accordingly, Hoelzer was entitled to equitable compensation for his efforts. Judge Stanton heard the testimony of experts and accepted their valuation of the work done at a reasonable hourly rate, arriving at the total of $557,200. This appeal followed.

■ The City contends that Hoelzer performed the restoration work in the face of an adverse claim of title and thus his efforts did not meet the good faith requirement for equitable relief and that the court erred in awarding damages of $557,200 for murals which have little or no market value. The City conceded, however, in its brief and at oral argument that Hoelzer was entitled to be paid for his restoration services. The City now asks that we vacate the judgment and remand to the district court for a new trial.

Whatever the merits of Stamford's claim that Hoelzer's work in the restoration was not performed in the good faith belief that the murals belonged to him, the conduct of the City and its representatives during the years when most of the restoration was being done, indicates that the City was quite willing to have Hoelzer proceed with the restoration. Representatives of the City visited Hoelzer's workshop from time to time in the years from 1980 through 1986. They knew of the work that Hoelzer had done and was doing to restore the murals. The City made no objection to Hoelzer's work nor did anyone ask Hoelzer the total cost of the restoration work. We have previously recognized that an "equitable remedy ... may be granted ... to prevent one party, at the expense of another, from retaining a benefit to which he is not entitled." *See United States v. Bedford Assoc.*, 713 F.2d 895, 903–04 (2d Cir. 1983).

Hoelzer, for his part, continued his work in the expectation that he would be compensated, but never spoke to anyone of what had to be done or how much the project would cost. In 1972, he had written Yasko of the G.S.A. that the restoration of approximately 900 sq. feet of canvas would cost $6,400. Later in 1980, Hoelzer told

Mr. Nerreau, a Stamford teacher who wanted his help, that the work on a particular panel of 100″ × 5′ would cost about $3,000, which would, assuming uniform deterioration, suggest an amount of approximately $63,000 for all of the panels. These estimates are a small fraction of the $557,-200 which Hoelzer eventually claimed at the 1992 trial before Judge Stanton.

▮ We find no error in Judge Stanton's finding that the value of the restoration of the murals was $557,200. *See Lemon v. Kurtzman*, 411 U.S. 192, 200, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151 (1973) (plurality opinion) ("In shaping equity decrees, the trial court is vested with broad discretionary power; appellate review is correspondingly narrow."). "The district court, acting in equity, has the discretionary power to fashion a remedy to do complete justice, *including a monetary award if necessary.* An appellate court will set aside such an exercise of discretion only if it is arbitrary." *Goldberg v. Medtronic, Inc.*, 686 F.2d 1219, 1229 (7th Cir.1982) (emphasis added). Judge Stanton accepted the testimony of the experts at trial. One of them, Eugene Bechtel, a noted art restorer, had recently agreed to payment of $452,700 by the City of Norwalk for restoration of murals in the nearby city high school. This work was less complex and time consuming than Hoelzer's restoration work for Stamford. Judge Stanton's award of $557,200 is supported by substantial evidence. *See United States v. Bedford Assoc.*, 713 F.2d at 902 (equitable remedy rests in the sound discretion of the district court); *Liberty Nat'l Bank and Trust Co. v. Life Ins. Co. of Cincinnati*, 901 F.2d 539, 547 (6th Cir. 1990); *United States v. City of Chicago*, 631 F.2d 469, 472 (7th Cir.1980).

▮ Nevertheless, from a review of the evidence, it is clear that the City of Stamford could have had no idea that the cost of restoring the murals would come to as much as $557,200. When it claimed ownership of the murals and conceded that Hoelzer should receive some compensation for his labors, the City could not reasonably have expected that Hoelzer would claim nearly as much as $557,200. Equitable compensation should not unduly prejudice the party which would otherwise receive the benefit. *See Alden Auto Parts Warehouse, Inc. v. Dolphin Equip. Leasing Corp.*, 682 F.2d 330, 333 (2d Cir.1982). On the equities, we cannot say that Stamford should be compelled to pay any such amount unless it is willing to do so.

Accordingly, we hold that the City may satisfy the judgment by abandoning its ownership of the murals and returning them to Hoelzer within a reasonable time to be fixed by the district court. If the City elects to retain the murals, the judgment against it for $557,200 is affirmed.

No costs to either party.