*Smith v. Brooks*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand eighteen.

PRESENT:

> JON O. NEWMAN,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> RICHARD J. SULLIVAN,
> > *District Judge.*\*

————————————————————————————

DAVID B. SMITH,

> *Interested Party-Appellant*,

> > v.          No. 13-3874 (L)

JEFFREY BROOKS, Personal Representative of the Estate of David H. Brooks,

> *Defendant-Appellee.*†

————————————————————————————

————————————————————

\* Judge Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk is directed to amend the official caption as above.

FOR APPELLANT:                                    David B. Smith, Esq., pro se, Alexandria, VA.

FOR APPELLEE:                                     Richard C. Klugh, Miami, FL.

Appeal from an order of the United States District Court for the Eastern District (Seybert, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court dated October 3, 2013, is **VACATED** and the appeal is **DISMISSED**.

Appellant David Smith, an attorney proceeding pro se, appeals the District Court's order dated October 3, 2013, denying his motion to amend a forfeiture order entered with respect to his former client, the late David Brooks. Smith represented Brooks in the criminal forfeiture proceedings that arose from Brooks's 2010 criminal conviction.[1] On April 12, 2013, Smith filed a notice of a charging lien against Brooks in the District Court, under New York Judiciary Law § 475. The notice asserted that Brooks owed Smith's law firm $57,484.71 in unpaid legal bills. On August 15, 2013, several years after Brooks's conviction by a jury, the District Court entered a related forfeiture order against Brooks. The order provided that any funds remaining after Brooks satisfied the forfeiture money judgment be paid first to non-federal victims owed restitution, second to the Internal Revenue Service, and any surplus then remaining be returned to Brooks. Brooks appealed the forfeiture order. On August 27, Smith moved the District Court to amend the forfeiture order to include a requirement that any of Brooks's remaining funds, instead of being returned to Brooks, be used to satisfy Smith's lien. The District Court denied the motion and Smith appealed. While both Brooks's and Smith's appeals were pending, Brooks died. Following our precedent, we therefore abated Brooks's conviction and the forfeiture order—the equivalent of vacatur. *United States v. Brooks*, 872 F.3d 78, 88 (2d Cir. 2017) ("Brooks's convictions . . . and the associated forfeiture order . . . are abated upon his death."). We assume the parties'

---

[1] After David Brooks's death, his brother, Jeffrey Brooks, was substituted for David as the Personal Representative for the Estate of David H. Brooks.

2

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to dismiss Smith's appeal and vacate the related order denying amendment of the abated forfeiture order.

We lack jurisdiction to review an appeal that is moot. *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 692 (2d Cir. 2013). It has long been established that "[a] case [becomes] moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (internal quotation marks and citation omitted). The Court is obligated to dismiss an appeal whenever a matter becomes moot. *Id.*

This appeal is moot. In *Alvarez v. Smith*, 558 U.S. 87 (2009), the Supreme Court dismissed as moot an appeal in a 42 U.S.C. § 1983 action challenging the constitutionality of Illinois's forfeiture statutes when the underlying forfeiture claims were settled while the appeal was pending. *Id.* at 92–94. Similarly, Smith's appeal has become moot because the forfeiture order underlying his dispute has been abated. The only remedy we could now offer Smith would be vacatur of the district court's order denying amendment and instructions to the District Court to amend the forfeiture order to include his lien. But since the forfeiture order has been abated, there is nothing to amend.

Smith argues that *Alvarez*'s reasoning does not apply here because the mootness there arose from the parties' settlement relating to the underlying forfeiture of property, whereas he and Brooks did not settle the debt before Brooks's death caused the abatement that occurred here. But this argument misapprehends the principles underlying the *Alvarez* decision. Those principles dictate that whenever a legal dispute has become "abstract" and the case no longer involves a live controversy, the appeal has become moot. *Id.* at 93. Here, the legal dispute centers on the District Court's order denying Smith's requested amendment of the forfeiture order entered against Brooks. Because the forfeiture order is no longer extant, the debate over whether the District Court erred has become abstract. We can offer no remedy to Smith in this appeal. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) ("[A]n appeal should . . . be dismissed as moot when, by virtue of an intervening

event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.") (internal citation and quotation marks omitted)).

Smith points out, correctly, that the abatement did not satisfy or eliminate Brooks's personal debts and that this Court or the District Court, as a matter of equity, could (and should) now order payment from Brooks's estate to satisfy those debts. He cites *Hoelzer v. City of Stamford, Conn.*, 972 F.2d 495 (2d Cir. 1992) to support this proposition. *Hoelzer*, however, is inapplicable. In *Hoelzer*, the plaintiff brought a civil suit for a quantum meruit award against the defendant; the district court awarded the plaintiff monetary damages. *Id.* at 496–97. On appeal, we upheld the district court's award, explaining generally that "[t]he district court, acting in equity, has the discretionary power to fashion a remedy to do complete justice, including a monetary award if necessary." *Id.* at 498 (citation and emphasis omitted). Here, by entering a forfeiture order and later denying its amendment, the District Court was not acting as an equitable court in a civil suit; it was acting as a criminal court. *Hoelzer*'s general statement thus does not provide a persuasive basis for a district court in a criminal case to award attorney's fees to a retained criminal defense attorney when his client has failed to pay his fees. The appeal is therefore moot, and we must dismiss for lack of jurisdiction. *See Calderon*, 518 U.S. at 150. That is not to say that Smith cannot pursue remedies against Brooks's estate in a separate civil action. He simply may not seek such relief in this appeal.

Finally, this Court has recognized that "[w]hen a civil case becomes moot while an appeal is pending, it is the general practice of an appellate court to vacate the unreviewed judgment granted in the court below. . . ." *Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994). Vacatur "prevent[s] a judgment, unreviewable because of mootness, from spawning any legal consequences" and preserves the rights of parties in future litigation. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40-41 (1950). We see no reason not to apply this principle in the context of this criminal case. Accordingly, we vacate the District Court's order of October 3, 2013, denying leave to amend the abated forfeiture order.

\* \* \*

4

We have considered all of Smith's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the District Court dated October 3, 2013, is **VACATED** and the appeal is **DISMISSED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court