Tann v. Bennett

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Submitted: November 24, 2015      Decided: December 3, 2015)

Docket No. 14-4734

_____

LISA TANN,

*Petitioner–Appellant*,

—v.—

GEORGE ALAN BENNETT, aka ALAN BENNETT, aka ALAN DORRIS,
MIRANDA BENNETT,

*Respondents-Appellees.*

_____

Before: KATZMANN, *Chief Judge*; WINTER and WALKER, *Circuit Judges*.

Appellees move to dismiss Appellant's appeal as moot based upon a custody order issued by a New York state court. We find that this Court may still grant effective relief to Appellant, despite the existence of the custody order.

**MOTION DENIED**.

_____

Counsel for Appellant:   Sharon Lynn Nosenchuck, Diana M. Straube, Neighborhood Legal Services, Inc., Buffalo, NY.

Counsel for Appellee:   Noemi Fernandez, Buffalo, NY.

_____

PER CURIAM:

Petitioner Lisa Tann appealed from the denial of her petition filed under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq*. ICARA implements the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10494 (Mar. 26, 1986) ("Hague Convention"), which was designed "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure

protection for rights of access." *Gitter v. Gitter*, 396 F.3d 124, 129 (2d Cir. 2005) (quoting Hague Convention, Preamble).

Tann, a citizen of the United Kingdom who resides in Northern Ireland, alleged that Respondent George Bennett wrongfully abducted their son, J.D., to the United States. The district court denied Tann's petition, finding that even though Northern Ireland was J.D.'s habitual residence, the child's preference for staying in the United States excepted him from being returned. Tann appealed the district court's judgment to this Court. While that appeal was pending, the Family Court of Orleans County, State of New York, granted full custody to George Bennett. The Bennetts have now moved to dismiss Tann's appeal as moot, on the grounds that this Court can no longer grant effective relief.

"A case is moot when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" *Blackwelder v. Safnauer*, 866 F.2d 548, 551 (2d Cir. 1989) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "A moot action . . . must be dismissed, even if the case was live at the outset but later events rendered it moot on appeal." *N.Y.C. Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992).

The Bennetts contend that Tann's appeal is moot because the New York court's custody determination resolved the parties' dispute such that this Court can no longer grant Tann's requested relief. We disagree. The Hague Convention provides that "[t]he sole fact that a decision relating to custody has been given in or is entitled to recognition in the requested State shall not be a ground for refusing to return a child under this Convention." Hague Convention, art. 17. Indeed, one of the primary purposes of the Hague Convention was to prevent situations where "a family member would remove a child 'to jurisdictions more favorable to [his or her] custody claims in order to obtain a right of custody from the authorities of the country to which the child ha[d] been taken.'" *Mota v. Castillo*, 692 F.3d 108, 112 (2d Cir. 2012) (quoting *Gitter*, 396 F.3d at 129).

In her appeal pending before this Court, Tann contends that the district court erred in holding that J.D. should continue to reside in the United States and that the New York courts are thereby authorized to resolve the underlying custody dispute on the merits. If we reverse the district court's judgment and find that Northern Ireland is J.D.'s habitual residence and no exception applies to prevent his return, J.D. could be returned to Northern Ireland. *See Ermini v. Vittori*, 758 F.3d 153, 161 (2d Cir. 2014) ("If a parent establishes that the removal

or retention was wrongful, the child is to be returned unless the defendant establishes one of four [exceptions]."). In that event, the Northern Ireland courts would have jurisdiction to determine the merits of the underlying custody dispute. *Cf. In re Application of Adan*, 437 F.3d 381, 391 (3d Cir. 2006) ("[T]he Convention does not allow the state to which a child has been wrongfully taken actually to decide who should have custody, and thus a determination by the host country that a party had custody rights in the country of origin for purposes of determining whether removal was wrongful under the Convention has no bearing on the merits of a subsequent custody determination in the country of origin once the child is returned."). As a result, the parties retain a legally cognizable interest in the outcome of Tann's appeal, notwithstanding the custody decision by a New York court.

Although the question of whether a state custody order moots an ICARA claim is one of first impression in this Circuit, the Seventh Circuit's opinion in *Walker v. Walker* is instructive:

> Accepting [the Respondent's] position that an abducting parent may render a petition for return moot by racing to a courthouse in her chosen country to obtain a custody judgment would turn the Convention on its head. The entire purpose of the Convention is to deter parents from absconding with their children and crossing international borders in the hopes of obtaining a favorable custody

determination in a friendlier jurisdiction. To consider this case moot would encourage the very sort of jurisdictional gerrymandering the Convention was designed to prevent.

701 F.3d 1110, 1116 (7th Cir. 2012) (citation omitted).  The same concerns are implicated here: holding that Tann's petition is moot because the Bennetts received a favorable custody determination in a potentially friendlier New York court could encourage the jurisdictional gerrymandering that the Hague Convention was designed to prevent.

Accordingly, for the foregoing reasons, Appellees' motion to dismiss the appeal as moot is **DENIED**.