*BT Holdings v. Village of Chester*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of November, two thousand sixteen.

PRESENT:
>    ROBERT A. KATZMANN,
>        *Chief Judge*,
>    RICHARD C. WESLEY,
>    SUSAN L. CARNEY,
>        *Circuit Judges*.

---

BT HOLDINGS, LLC,

>        *Plaintiff-Appellant*,

>    v.                                                      No. 16-707

VILLAGE OF CHESTER AND VILLAGE OF
CHESTER BOARD OF TRUSTEES,

>        *Defendants-Appellees*,

---

For Plaintiff-Appellant:             LARRY WOLINSKY (Kelly A. Pressler, *on the brief*), Jacobowitz and Gubits, LLP, Walden, NY.

For Defendants-Appellees:          MARY E. BRADY MARZOLLA (Dennis E. A. Lynch, *on the brief*), Feerick Lynch

1

MacCartney & Nugent, PLLC, South
Nyack, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant BT Holdings, LLC ("BT Holdings") appeals from the order and

opinion of the United States District Court for the Southern District of New York (Seibel, *J.*)

entered on February 23, 2016, granting Defendants-Appellees Village of Chester ("Village of

Chester") and Village of Chester Board of Trustees's ("Village Board") motion to dismiss BT

Holdings's regulatory takings claim as unripe. We assume the parties' familiarity with the

underlying facts, procedural history, and issues on appeal.

"We review *de novo* a district court's determination that it lacks subject-matter

jurisdiction on ripeness grounds." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d

Cir. 2013). To establish jurisdiction in this zoning dispute, BT Holdings has "the 'high burden'

of proving that we can look to a final, definitive position from a local authority to assess

precisely how [Plaintiff-Appellant] can use [its] property." *Murphy v. New Milford Zoning*

*Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005). "[W]e must presume that we cannot entertain [its]

claims 'unless the contrary appears affirmatively from the record.'" *Id.* (quoting *Renne v. Geary*,

501 U.S. 312, 316 (1991)).

Plaintiff-Appellant's complaint asserted a claim under 42 U.S.C. § 1983 alleging an

unconstitutional regulatory taking in violation of the Fifth and Fourteenth Amendments. *See BT*

*Holdings, LLC v. Vill. of Chester*, No. 15-CV-1986 (CS), 2016 WL 796866, at *2 (S.D.N.Y. Feb.

23, 2016). Applying the two-step ripeness test for takings claims announced in *Williamson*

2

*County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186–97 (1985), the district court correctly concluded that it was "clear from the record that Plaintiff ha[d] not yet received a final decision" concerning its attempt to develop its property annexed into the Village of Chester from the Town of Chester, and thus failed to satisfy the first prong of the *Williamson County* ripeness test. *BT Holdings*, 2016 WL 796866, at \*4. As the district court observed, "[t]he final decision requirement ensures that when analyzing a challenge to the constitutionality of a local land use decision, a federal court has the benefit of a fully developed record, a precise demonstration of how local regulations would be applied to the particular property, and knowledge of whether a variance or approval of alternative plans could provide the relief the landowner seeks." *Id.* (internal quotation marks omitted).

On appeal, Plaintiff-Appellant alleged that because its property lacked any zoning whatsoever and because both the Village's Planning Board and its Zoning Board of Appeals can consider an application for a site plan or a variance only for a property *already zoned*, it would be futile to submit an application to either body. However, the parties for the first time informed the Court *at* oral argument that the property in question had zoning applied to it almost four months earlier, on June 30, 2016. *See* Oral Argument at 15:26. Despite this critical factual development, neither party filed a letter of supplemental authority notifying the Court. *See* Fed. R. App. P. 28(j) ("If pertinent and significant authorities come to a party's attention after the party's brief has been filed . . . a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations.").

This is especially surprising because, as BT Holdings acknowledged during rebuttal, "clearly now that it's zoned, the claim is over." *See* Oral Argument at 19:25; *see also* FRAP 28(j) Letter from BT Holdings at 4 (Oct. 24, 2016), ECF No. 65 ("BT Holdings FRAP 28(j)

3

Letter") (establishing that BT Holdings's property has been zoned as "RS– Technology Overlay District (New Residential– Single Family Zoning District With Internet Incubator Technology and Research Park Overlay)"). Because both parties agree that today the property has zoning, Plaintiff-Appellant has no justification for failing to submit a plan for developing its property, the required next step under regulatory takings ripeness analysis. *See Williamson County*, 473 U.S. at 186–94. Its regulatory takings claim is accordingly now moot. *See Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)).

Instead, BT Holdings is left only with the argument that there was a *temporary* taking for the period of time during which it "had no use of the property or was unable to use the property." Oral Argument at 19:42; *see also* BT Holdings FRAP 28(j) Letter at 1 ("[T]he recent enactment of zoning does not moot this appeal because Appellant still has a claim for the three years the property was without zoning."). This claim, too, is without merit. In its briefing, Plaintiff-Appellant provided no evidence in the record that it ever formally petitioned the Village Board to apply one of the Village of Chester's zoning districts to its property and that the Village Board voted against such a petition. At oral argument, moreover, when questioned as to whether Plaintiff-Appellant had ever formally petitioned the Village Board to apply a zoning district to BT Holdings's property, BT Holdings acknowledged that it never did so. *See* Oral Argument at 3:04. Under Plaintiff-Appellant's interpretation of the Village Code, such an application would be the necessary prerequisite before seeking either a site plan approval or a variance, and the burden is squarely on the plaintiff to provide evidence that it did so apply in order to establish that its claim was ripe. *Murphy*, 402 F.3d at 347. BT Holdings's proposed amendments to the Village of Chester's existing RM zoning district, which the Village Board voted against

4

enacting, cannot serve as a substitute for purposes of the *Williamson County* analysis; such amendments do not constitute "a final decision regarding the application of the regulations *to the property at issue*." *Williamson County*, 473 U.S. at 186 (emphasis added).

Because Plaintiff-Appellant's claim of an ongoing regulatory taking is moot, and its temporary takings claim fails to satisfy the *Williamson County* test, we affirm the district court's dismissal of this action.

We have considered all of BT Holdings's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk