17-383-cv
Toth v. City of N.Y. Dep't of Educ.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand eighteen.

PRESENT:   BARRINGTON D. PARKER,
                    GERARD E. LYNCH,
                    CHRISTOPHER F. DRONEY,
                              *Circuit Judges.*

------------------------------------------------------------------------

JERRY GEZA TOTH, ON BEHALF OF T.T.,
                    *Plaintiff-Appellant*,

                    v.                                                                No. 17-383-cv

CITY OF NEW YORK DEPARTMENT OF EDUCATION,
                    *Defendant-Appellee*.*

------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          JERRY G. TOTH, Law Office of J. G. Toth, Flushing, NY.

FOR DEFENDANT-APPELLEE:          ERIC LEE, Assistant Corporation Counsel (Fay Ng, Assistant Corporation Counsel, *of counsel*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

---

* The Clerk of Court is directed to amend the caption as set forth above.

Appeal from a January 10, 2017, judgment of the United States District Court for the Eastern District of New York (Townes, *J.*; Orenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Plaintiff-Appellant's motion to supplement the record on appeal is **GRANTED IN PART AND DENIED IN PART**, the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Jerry Geza Toth, proceeding *pro se* on behalf of his minor son T.T., appeals from a judgment of the district court dismissing his complaint as moot.

T.T. has autism. Pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Defendant-Appellant the New York City Department of Education ("the DOE") prepared individualized education programs ("IEPs") for T.T. Toth challenged T.T.'s 2013 IEP on the ground that it provided for insufficient Applied Behavior Analysis ("ABA") therapy for T.T. because it recommended only ten hours of that therapy per week instead of fifteen hours. After Toth's claim was rejected by the State of New York administrative adjudicators, he filed a complaint in the district court seeking, *inter alia*, "an award of compensatory ABA therapy." J.A. 239.

The DOE moved to dismiss Toth's complaint. It argued in relevant part that Toth's claim was moot because the parties had entered into a resolution agreement in conjunction with Toth's challenge to a different IEP that required the DOE to provide T.T. with fifteen hours of ABA therapy per week. Toth opposed the DOE's motion, arguing that his claim fell within the exception to the mootness doctrine for claims capable of repetition yet evading review. *See Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 692 (2d Cir. 2013). He also submitted a cross-motion seeking to file an amended complaint requesting injunctive relief ordering the DOE to provide T.T. with 1,000 hours of compensatory ABA therapy.

The district court referred the DOE's motion to a magistrate judge, who issued a report recommending that the DOE's motion to dismiss be granted and Toth's cross-motion be denied. With respect to the DOE's motion, the magistrate judge reasoned that the exception to the mootness doctrine did not apply because any "concern that the DOE will . . . revert[] . . . to an IEP . . . with decreased at-home ABA therapy is mere speculation." J.A. 402. The magistrate judge then determined that permitting Toth to amend his complaint to request 1,000 compensatory hours of ABA therapy would be futile because Toth's proposed amended complaint did not allege that T.T. would suffer irreparable harm as is required to obtain injunctive relief. The magistrate judge also noted

2

that it was not even clear that it would be practical for T.T. to receive five additional hours of ABA therapy every day. Toth then objected to the magistrate judge's report and recommendation, arguing as relevant here that the risk that the DOE would revert to a lower level of ABA therapy was not speculative.

The district court found Toth's objections to be meritless, and therefore adopted the report and recommendation, and granted the DOE's motion to dismiss and denied Toth's motion to amend. In so doing, the court noted that Toth had "not argued that the most current IEP does not provide for 15 hours of at-home therapy." J.A. 505.

Toth then filed this appeal, in which he argues that this case is not moot and that the district court erred when it declined to allow him to file his amended complaint seeking 1,000 hours of compensatory education. He has since moved to supplement the record on appeal with several documents, including a copy of T.T.'s most recent IEP, which apparently fails to recommend any ABA therapy and orders only three hours of individual therapy of any type per week.

We assume the parties' familiarity with the remaining facts, the procedural history of the case, and the issues on appeal. We grant in part and deny in part Toth's motion to supplement the record, and vacate the judgment of the district court and remand.

## I. Toth's Motion to Supplement the Record on Appeal

Federal Rule of Appellate Procedure 10(a)(1) provides that the record on appeal is generally comprised of (1) the "papers and exhibits filed in the district court," (2) "the transcript of the proceedings," and (3) "a certified copy of the docket entries." Fed. R. App. P. 10(a). We therefore do not consider evidence that was not part of the record below "absent extraordinary circumstances." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975).

Such circumstances exist here with respect to T.T.'s most recent IEP. That IEP, unlike T.T.'s prior IEP, which is in the original record on appeal, does *not* require ABA therapy. Since both the magistrate judge and district court concluded that Toth's claim did not fall within the capable of repetition yet evading review exception to the mootness doctrine because Toth's claim that T.T.'s ABA therapy might be reduced was speculative, T.T.'s most recent IEP is relevant. We therefore grant Toth's motion as to T.T.'s IEP for the 2016-2017 school year.

We deny Toth's motion insofar as it seeks to add other documents to the record, however. Toth has not established relevance or importance as to any of those documents.

3

There are therefore no extraordinary circumstances that warrant expanding the record to include those other documents.

## II.    The District Court's Conclusion that Toth's Claim Was Moot

We agree with Toth's contention that his claim is not moot.

"We review *de novo* the district court's conclusion that [a plaintiff's] claims are moot." *Cty. of Suffolk v. Sebelius*, 605 F.3d 135, 139 (2d Cir. 2010).

"A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (internal quotation marks omitted). "A party seeking to have a case dismissed as moot bears a heavy burden." *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005). An exception to the mootness doctrine applies to "cases capable of repetition, yet evading review." *Walsh*, 714 F.3d at 692 (internal quotation marks omitted). More specifically, that exception "applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (internal quotation marks omitted).

In this case, both the magistrate judge and district court concluded that the first prong of the exception to the mootness doctrine was satisfied. They nevertheless concluded that the exception did not apply because they determined that the risk that the DOE would issue a new IEP that decreased T.T.'s ABA therapy was speculative. The fact that the DOE has now issued a new IEP that eliminates ABA therapy establishes that Toth's concern is no longer speculative. Indeed, the magistrate judge even recognized that if the DOE issued an IEP such as the one it now has, Toth's argument "that the prior IEP would be repeated" "would no longer be mere speculation." J.A. 402 n.4. The district court similarly noted that Toth had "not argued that the most current IEP does not provide for 15 hours of at-home therapy." J.A. 505. Both the magistrate judge and the district court therefore conditioned their mootness analysis on a factual situation that has materially changed. Thus, Toth's claim is no longer moot.

## III.    Toth's Motion to Amend His Complaint

In light of our conclusion that Toth's claim presents a live controversy, we need not consider Toth's argument regarding his amended complaint. The magistrate judge found that there were pleading deficiencies with Toth's proposed amended complaint such that it would be futile to grant him leave to file it. If, however, Toth rectifies those purported

deficiencies and files a new motion to amend his complaint on remand that the district court grants, then his claim would not be moot for the additional reason that he seeks 1,000 hours of compensatory education. Compensatory education is a remedy "'calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place.'" *Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440, 457 (2d Cir. 2015) (quoting *Reid ex rel. Reid v. D.C.*, 401 F.3d 516, 524 (D.C. Cir. 2005)). As we observed in *Lillbask*, 397 F.3d at 89, "several of our sister circuits have concluded that a claim for compensatory education or reimbursement can defeat a mootness challenge in an IEP placement dispute." Thus, Toth would have a legally cognizable interest in the outcome of this litigation insofar as he seeks services to make up for a prior IEP's inadequacies. We therefore leave it to the district court to determine on remand whether Toth should be permitted to amend his complaint if he cures the deficiencies in his initial motion and files a new motion to amend his complaint.

## IV.    Conclusion

For the foregoing reasons, we **GRANT IN PART AND DENY IN PART** Toth's motion to supplement the record on appeal, **VACATE** the judgment of the district court, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court