*Saleh v. Pastore*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-one.

PRESENT: Dennis Jacobs,
Steven J. Menashi,
    *Circuit Judges*
Lewis J. Liman,
    *District Judge.*[*]

_____

TAREK YOUSSEF HASSAN SALEH,

    *Plaintiff-Appellant,*

    v.                                                     No. 21-1073

_____

[*] Judge Lewis J. Liman of the United States District Court for the Southern District of New York, sitting by designation.

GINA PASTORE, as Brooklyn Field Office Director U.S. Citizenship and Immigration Services, SUSAN QUINTANA, as New York City Field Office Director U.S. Citizenship and Immigration Services, LEE BOWES, as Acting Field Office Director, Northeast Region, USCIS, TRACY RENAUD, Acting Director, USCIS, Alejandro Mayorkas, Secretary U.S. Department of Homeland Security, CHRISTOPHER A. WRAY, Director Federal Bureau of Investigation, MERRICK B. GARLAND, Attorney General U.S. Department of Justice,

    *Defendants-Appellees.*

_____

*For Plaintiff-Appellant*:    Tarek Youssef Hassan Saleh, pro se, Staten Island, NY

*For Defendants-Appellees*:    Joshua Kahane, Christopher Connolly, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Tarek Saleh, proceeding pro se, sued officers of United States Citizenship and Immigration Services ("USCIS") and other government officials, alleging violations of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*; the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.*; and Saleh's Fifth Amendment right to due process, U.S. Const. amend. V, as well as unlawful interference with Congress's power to establish a uniform rule of naturalization, U.S. Const. art. I, § 8, cl. 4. Saleh sought an order (1) compelling USCIS to adjudicate his Application for Naturalization (Form N-400) and (2) enjoining USCIS from employing the Controlled Application Review and Resolution Program ("CARRP") in conducting that adjudication. While the case was pending, USCIS denied Saleh's Form N-400, and Saleh administratively appealed the decision by filing a Request for a Hearing on a Decision in Naturalization Proceedings (Form N-336).

The district court subsequently dismissed the complaint in part as moot and in part for Saleh's failure to exhaust his administrative remedies. It also denied Saleh's motions for recusal, for a hearing on his then-pending naturalization

3

application under 8 U.S.C. § 1447(b), and for an order directing USCIS to hold a hearing on Saleh's administrative appeal and to issue an opinion within 180 days of the hearing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

When reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo*." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The district court properly dismissed Saleh's claims related to his Form N-400 as moot. "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (internal quotation marks omitted). "In the immigration and naturalization context, courts have dismissed cases as moot where the executive agency to which the plaintiff has applied grants the relief sought in the complaint prior to the court's adjudication." *Li v. Napolitano*, No. 08-CV-7353, 2009 WL 2358621, at *3 (S.D.N.Y. July 30, 2009) (collecting cases).

Saleh sought an order directing USCIS to schedule a naturalization interview and to adjudicate his Form N-400 application. On February 18, 2020,

USCIS interviewed Saleh and then, on August 31, 2020, issued its denial of Saleh's application. Accordingly, any claim seeking to compel USCIS to adjudicate Saleh's application became moot because "the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).[1]

Saleh argues that his case cannot be dismissed on mootness grounds because USCIS lost the power to adjudicate his claims when he filed his § 1447(b) petition. Although a "properly filed Section 1447(b) petition vests jurisdiction in the district court and divests USCIS of its jurisdiction to decide the application," Saleh did not properly file a § 1447(b) petition. *Bustamante v. Napolitano*, 582 F.3d 403, 406 (2d Cir. 2009). After USCIS fails to make a determination on a Form N-400 within 120 days of an applicant's examination, the applicant "may apply to the United States district court for *the district in which the applicant resides* for a hearing on the matter." 8 U.S.C. § 1447(b) (emphasis added). It is undisputed that Saleh resides in Richmond County, which is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because he sought review in the Southern District of New York,

---

[1] Moreover, any claim that the district court should have granted Saleh's request for a hearing under 8 U.S.C. § 1447(b)—or transferred the case to the Eastern District of New York for such a hearing—is moot because Saleh's naturalization application has been denied.

Saleh did not "properly file[]" his section 1447(b) petition, and therefore his petition did not "divest[] USCIS of its jurisdiction to decide [his] application." *Bustamante*, 582 F.3d at 406.

## II

The district court also properly found that Saleh's request for mandamus relief directing USCIS to schedule a hearing on his Form N-336 administrative appeal is moot. USCIS has 180 days after the date an administrative appeal is filed to schedule a hearing. 8 C.F.R. § 336.2(b). Saleh filed his Form N-336 appeal on September 1, 2020, and the hearing—which Saleh opted not to attend—was scheduled for February 24, 2021, within the 180-day deadline.

In addition, the district court did not err by denying Saleh's motion for an order directing the USCIS to issue a decision within a specific timeframe. Saleh cannot obtain mandamus relief directing USCIS to issue a decision on his Form N-336 appeal according to a prescribed timeline. "[M]andamus is an extraordinary remedy, intended to aid only those parties to whom an official or agency owes 'a clear nondiscretionary duty.'" *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). Saleh does not identify any

6

statute or regulation setting out a timeline for a USCIS decision on a Form N-336 appeal.

**III**

The district court properly dismissed the remainder of Saleh's claims— brought under the INA, the APA, and the Constitution—concerning the purported adjudication of his naturalization application through CARRP. To obtain judicial review of a naturalization application an applicant must exhaust his administrative remedies before filing suit. *See Escaler*, 582 F.3d at 292 ("[J]udicial review of the denial of an application to be naturalized[] requires the exhaustion of administrative remedies prior to seeking that relief."); *see also* 8 U.S.C. § 1421(c) (providing a cause of action for a person whose application for naturalization has been denied "after a hearing before an immigration officer under section 1447(a)"). The APA and constitutional claims are likewise subject to the INA's exhaustion requirement. *See Moya v. DHS*, 975 F.3d 120, 126-27 (2d Cir. 2020). This exhaustion requirement is "mandatory, and courts are not free to dispense with it." *Escaler*, 582 F.3d at 292. At the time Saleh filed his complaint, USCIS had not yet denied his Form N-400 application. The district court therefore properly dismissed these claims because Saleh failed to exhaust his administrative remedies prior to seeking

7

judicial review. *See Moya*, 975 F.3d at 127 (holding that a plaintiff "may not sue until they have satisfied" the exhaustion requirement). Even now, the record does not indicate that USCIS has issued a final decision on Saleh's Form N-336 appeal.

**IV**

Finally, the district court did not abuse its discretion by denying Saleh's motion for recusal. We review a denial of a motion to recuse for abuse of discretion. *See United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

"A federal judge must recuse herself in any proceeding where her 'impartiality might reasonably be questioned'" or "where the judge 'has a personal bias or prejudice concerning a party.'" *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) (quoting 28 U.S.C. § 455(a), (b)(1)). Additionally, a judge shall not proceed in a matter in which he or she "has a personal bias or prejudice either against [the plaintiff] or in favor of any adverse party." 28 U.S.C § 144. The need for recusal arises when "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal." *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007).

Saleh argues recusal was required here for three reasons. First, he suggests that the district judge, who was a former federal prosecutor, was biased against

8

him because she previously prosecuted Muslim terrorists. But Saleh offers no evidence that the district judge was biased against Muslims based on her prior prosecutorial experience. The fact that the district judge was a former prosecutor is not sufficient to create bias. *See, e.g.*, *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) ("[A]n AUSA without any involvement in a case brought by other attorneys in his office is not required to disqualify himself from presiding over such a case under 28 U.S.C. § 455(b)(3)."); *United States v. Fanta*, No. 04-CR-1253, 2005 WL 3434709, at *2 (S.D.N.Y. Dec. 13, 2005).

Second, Saleh infers that the district judge was biased against him because she denied his motion for a § 1447(b) hearing and delayed deciding whether to transfer his case to the Eastern District of New York. But adverse rulings are not evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion.").

Third, Saleh contends that the district judge tried to force him to attend an administrative hearing by informing him that failure to attend could result in further delays in his case. But that statement was not coercive; the district judge merely pointed out that failure to attend the hearing could create more delays.

9

Because the standards for recusal were not met, the district court did not abuse its discretion by denying Saleh's motion for recusal.

*     *     *

We have considered Saleh's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10