Reale v. Lamont

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of January two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

---

DANIEL REALE,

                    *Plaintiff-Appellant*,

            v.                                              20-3707-cv

NED LAMONT,

                    *Defendant-Appellee*.[1]

---

Appearing for Appellant:     Daniel Reale, pro se, Plainfield, CT.

Appearing for Appellee:      Phillip Miller, Assistant Attorney General (Clare Kendall, Solicitor General, and Alma R. Nunley, Assistant Attorneys General, *on the brief*), *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from two orders of the United States District Court for the District of Connecticut (Hall, *J.*)

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Appellant Daniel Reale, proceeding pro se, appeals from the district court's denial of a preliminary injunction and motion for reconsideration. He and two others sued the Governor of Connecticut under 42 U.S.C. § 1983 for allegedly violating their constitutional rights by implementing executive orders due to the COVID-19 pandemic that, inter alia, limited the number of people allowed at social gatherings. The plaintiffs moved for a preliminary injunction, which the district court denied. They then moved for reconsideration, which the district court also denied. Only Reale proceeds on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We lack jurisdiction to review an appeal that is moot. *Nat'l. Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 692 (2d Cir. 2013). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (internal quotation marks and citation omitted).

The executive orders that Reale complained of are no longer in effect. The most restrictive of the social gathering rules was Executive Order ("EO") No. 7N, which limited the number of people at social gatherings to five. EO No. 7N was superseded by EO No. 7TT on May 29, 2020, which permitted social gatherings of up to 10 people indoors and 25 people outdoors.[2] Thus, Reale's claim that he could not see his family in April and May 2020 because of the five-person limit is now moot. To the extent Reale claimed his ability to worship was impaired by social gathering limitations, EO No. 10D eliminated all capacity limitations for religious gatherings as of March 19, 2021.[3] Finally, as of May 19, 2021, no store in Connecticut was required to adhere to COVID-19 rules concerning social distancing, directional arrows, or number of patrons.[4] Thus, the restrictions that Reale complained of no longer affect him.

Reale argues that the "capable of repetition yet evading review" exception to mootness applies and revised his claims. *See Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001). "A dispute qualifies for that exception only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018) (internal quotation marks and citation omitted). Reale asserts that he will be subjected to the same restrictions once COVID-19 numbers increase. But this assertion is disproved by the fact that Connecticut has not reimposed restrictions despite the recent spike in

---

[2] State of Connecticut, Exec. Or. No. 7TT (May 29, 2020), https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-7TT.pdf\

[3] State of Connecticut, Exec. Or. No. 10D (Mar. 18, 2021), https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-10D.pdf

[4] State of Connecticut, *Connecticut COVID-19 Response*, https://portal.ct.gov/Coronavirus/Covid-19-Knowledge-Base/Reopen-plan (last visited Dec. 27, 2021).

cases. The recent increase in COVID-19 cases has not prompted the Governor to issue similar executive orders closing businesses or limiting social gatherings. All types of businesses remain open in Connecticut and no COVID-19 related restrictions exist on social gatherings or houses of worship.[5] *Cf. Dark Horse Indus. LLC v. Hochul*, No. 20-2725-cv, 2021 WL 4538640 at *1 (2d Cir. Oct. 5, 2021) (concluding that appeal challenging New York executive orders was moot because orders were rescinded and have not been reimposed despite increase in COVID cases); *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 87 (2d Cir. 2005) (defendant satisfies his burden of establishing mootness by showing that possibility of recurrence is merely "speculative"). Accordingly, Reale has not shown that this exception applies, and his appeal remains moot.

"When a civil case becomes moot while an appeal is pending, it is the general practice of an appellate court to vacate the unreviewed judgment granted in the court below and remand the case to that court with directions to dismiss it." *Bragger v. Trinity Cap. Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994) (citations omitted). This procedure "eliminates a judgment that was made unreviewable due to happenstance and which, if left undisturbed, might prejudice a party whose appeal as of right was precluded due to the intervening mootness. By eliminating the judgment that has become moot the rights of all the parties are preserved." *Id.* We therefore dismiss the appeal as moot and remand for the district court to vacate its prior orders

We have considered the remainder of Reale's arguments and find them to be without merit. Accordingly, we DISMISS the appeal as moot and REMAND for the district court to vacate its orders denying a preliminary injunction and reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] *See* State of Connecticut, *Latest COVID-19 Guidance*, https://portal.ct.gov/Coronavirus/Covid-19-Knowledge-Base/Latest-COVID-19-Guidance (last visited Dec. 27, 2021); State of Connecticut, *Religious Gatherings*, https://portal.ct.gov/Coronavirus/Covid-19-Knowledge-Base/Religious-Gatherings (last visited Dec. 27, 2021).