21-1755-cv
*Powers, et al. v. Long Island Power Auth., et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

---

Donald Powers, Alena Walters, Robert Slawski, Steve Walter,

> *Plaintiffs-Appellants*,

Herbert H. Jurist, Susan Johnson, Lawrence Ryan, Linda Jurist, Marie Ryan,

> *Plaintiffs*,

v.                                                                 21-1755-cv

Long Island Power Authority, Erik Kulleseid, Commissioner of the New York State Office of Parks Recreation and Historic Preservation, New York State Office of Parks, Recreation and Historic Preservation,

> *Defendants-Appellees*,

Power Authority of the State of New York, New York State Department of Environmental Conservation ("NYS DEC"),

Basil Seggos, Commissioner of New York State
Department of Environmental Conservation, The Bureau of
Ocean Energy Management, New York State Department
of State, New York State Energy Research and
Development Authority,

*Defendants.**

---

FOR PLAINTIFF-APPELLANT POWERS:

Donald Powers, *pro se*, Merrick, NY.

FOR PLAINTIFF-APPELLANT WALTERS:

ALENA WALTERS, *pro se*, Oceanside, NY.

FOR PLAINTIFF-APPELLANT SLAWSKI:

Robert Slawski, *pro se*, Copaigue NY.

FOR PLAINTIFF-APPELLANT WALTER:

Steve Walter, *pro se*, Bayside, NY.

FOR DEFENDANT-APPELLEE LONG
ISLAND POWER AUTHORITY:

ADAM STOLOROW, Joyce E. Kung, Sive, Paget & Riesel, P.C., New York, NY.

FOR DEFENDANTS-APPELLEES ERIK
KULLESEID, NEW YORK STATE OFFICE OF
PARKS, RECREATION, AND HISTORIC
PRESERVATION, AND NEW YORK DEPARTMENT
OF STATE:

BLAIR J. GREENWALD, Assistant Solicitor General, Judith N. Vale, Assistant Deputy Solicitor General, Barbara D. Underwood, Solicitor General *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*; Bloom, *M.J.*).

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court are **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED** with the instruction that the district court dismiss all of the federal claims against defendants-appellants without prejudice for lack of subject matter jurisdiction.

Plaintiffs-appellants Donald Powers, Alena Walters, Robert Slawski, and Steve Walter, proceeding *pro se*, sued a group of state agencies and their commissioners, state power authorities, and a federal agency under state and federal law, seeking injunctive and declaratory relief related to their opposition to the construction of the Energy Education Center (the "Center") in Jones Beach State Park on Long Island, New York, which plaintiffs alleged was a preparatory step toward the construction of an offshore wind energy plant. Plaintiffs initiated this action in New York Supreme Court, Nassau County. The Bureau of Ocean Energy Management ("BOEM") removed the case to federal court. 28 U.S.C. §§ 1441(a), 1442(a)(1).

The taxonomy of plaintiffs' claims is not entirely clear from the face of the complaint, as it identifies a number of different defendants, a host of federal statutes, and a combination of direct claims against the federal agencies and legal arguments based on federal statutes raised in the context of plaintiffs' petition for review of state agency action under Article 78 of the New York Civil Practice Law and Rules, N.Y. C.P.L.R. § 7801 *et seq*. However, during the course of these proceedings plaintiffs have clearly stated their intent to bring certain federal claims directly—including, in relevant part, claims under the Land and Water Conservation Fund Act ("LWCFA"), 54 U.S.C. § 200301 *et seq.*, and the Coastal Zone Management Act ("CZMA"), 16 U.S.C. § 1451 *et seq.*—while also alleging violations of certain federal statutes as part of their state court Article

3

78 petition challenging state agency action—including, in relevant part, claims regarding violations of the CZMA and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*.

The district court adopted the Magistrate Judge's report and recommendation, which recommended that the court: (1) dismiss the claims without prejudice against the federal defendant, BOEM, for lack of subject matter jurisdiction on ripeness grounds; (2) dismiss the remaining federal claims with prejudice because they were barred, in part, by sovereign immunity, and because none of the federal statutes cited in the complaint created a private right of action; and (3) remand the remaining state claims to state court. Regarding the remaining state claims, the Magistrate Judge acknowledged that plaintiffs attempted to use Article 78 "as a mechanism which allows them to challenge defendants' actions without hindrance from . . . the lack of a private right of action under the federal statutes [at issue]," Suppl. App. at 76, and recommended "declin[ing] to exercise supplemental jurisdiction over all of plaintiffs' remaining claims . . . includ[ing] plaintiffs' claims under Article 78. These claims should be remanded to state court." *Id.* at 77. The district court adopted the report and recommendation, dismissing the federal claims and remanding the state law claims, apparently including the Article 78 claims, to state court. App. at 46. However, in doing so, the court discussed the availability of an Article 78 remedy based on a federal statute and concluded that Article 78 does not provide an independent basis for plaintiffs to assert federal claims under statutes that do not otherwise provide for private causes of action.[1] App. at 42–44.

---

[1] The district court's analysis and conclusion on this point is in some tension with its decision to adopt the magistrate's recommendation and remand the Article 78 claims to state court. In light

4

Beyond their requests for injunctive relief in the Complaint, plaintiffs did not file a separate motion for preliminary injunctive relief or a temporary restraining order,[2] and construction of the Center was completed before the district court ruled in this case.

Plaintiffs have expressly abandoned a number of claims on appeal.[3] In this appeal, they challenge: (1) the dismissal of claims against the Long Island Power Authority ("LIPA") raised pursuant to the LWCFA, 54 U.S.C. § 200305(f)(3); and (2) the dismissal of claims against the New York State Office of Parks, Recreation, and Historic Preservation (the "Parks Office"), Parks Office Commissioner Erik Kulleseid, and the New York Department of State pursuant to (a) the LWCFA, (b) the Coastal Zone Management Act, and (c) the National Environmental Policy Act.

In connection with each of these claims, plaintiffs sought orders enjoining construction of

---

of the district court's remand of the state law claims, we understand the district court's discussion to be advisory and do not understand the district court to have purported to rule on the question whether, under New York law in New York state courts, plaintiffs may invoke the specific federal statutes at issue in connection with their petitions for Article 78 review of state agency action. As set forth more fully below, this tension has created some confusion on appeal.

[2] Plaintiffs explain that they "were granted by the State Supreme court a very quick date for the Petition to be heard," therefore they did not file a separate motion for preliminary injunctive relief. Appellants' Reply Br. (Gov't Defs.) at 53. But "[b]efore the Petition hearing date, and before scheduled demolition," BOEM removed the case to federal court. *Id.* After removal, plaintiffs believed "making another request for preliminary relief in the form of a post-removal motion would have surely been futile." *Id.* at 54.

[3] Two defendants, the BOEM and the Power Authority of the State of New York ("NYPA"), move for summary affirmance of the dismissal of the claims brought against them. In response, plaintiffs made clear that they are not pursuing an appeal as to the dismissal of the claims against these two defendants. Therefore, the motions for summary affirmance are moot. We also decline to consider any challenge to the district court's dismissal of claims against the New York State Energy Research and Development Authority because plaintiffs similarly assert that they do not wish to pursue such a challenge. The Clerk of Court has been instructed to amend the caption accordingly.

the Center and any parking or use restrictions around the Center.  Under the CZMA, plaintiffs additionally sought declarations concerning whether preexisting buildings and the Center were water-dependent uses.  Under the NEPA, plaintiffs sought orders that, among other things, would compel the defendants to obtain federal approval for the Center's construction.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review jurisdictional questions *de novo*, and "we are not limited in our right to refer to any material in the record" in resolving such questions.  *Velez v. Sanchez*, 693 F.3d 308, 314 (2d Cir. 2012) (internal quotation marks omitted).  We review the dismissal of claims for failure to state a claim "*de novo*, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff[s'] favor."  *Id*. at 313 (internal quotation marks omitted).

As noted above, with respect to the federal claims at issue on appeal, the district court dismissed some of those claims without prejudice for lack of subject matter jurisdiction and dismissed other claims with prejudice, in part because claims against the New York State agencies were barred by sovereign immunity, and because the federal statutes upon which plaintiffs rely do not provide for a private right of action on the remaining federal claims.  As set forth below, we need not address any challenges involving plaintiffs' Article 78 claims, including those claims that rely in part upon NEPA and CZMA, because the district court remanded those claims to the state court and no party argues on appeal that remand of those claims was improper.  We conclude that the claims that are properly before us on appeal—plaintiffs' direct challenges based on CZMA and LWCFA—are moot or unripe.  *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d

6

Cir. 2006) ("[W]e are free to affirm a decision on any grounds supported in the record . . . .").[4] Thus, although we agree with the district court that all of the federal claims actually before us must be dismissed, we vacate the order and judgment as to those claims, and remand for the sole purpose of directing that the district court dismiss the direct CZMA and LWCFA claims *without prejudice* for lack of subject matter jurisdiction.[5] *See Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) ("When subject matter jurisdiction is lacking, the district court lacks the power to adjudicate the merits of the case, and accordingly Article III deprives federal courts of the power to dismiss the case with prejudice." (internal quotation marks and alteration omitted)).

Much of plaintiffs' briefing on appeal focuses on the question whether alleged violations of federal statutes that do not otherwise provide for a private right of action, such as NEPA and CZMA, may support an Article 78 petition under state law in New York state court. Plaintiffs apparently interpreted the district court order as dismissing their Article 78 claims on the merits, at least to the extent they invoked federal statutes in challenging state agency action in New York. As noted above, we understand the district court to have remanded to New York state courts plaintiffs' state law challenges to state agency action under Article 78. Plaintiffs have not asserted a separate direct federal NEPA claim.[6] Accordingly, this court need not address arguments related to NEPA briefed by the parties, nor the arguments relating to CZMA, in connection with state law

---

[4] Even though LIPA has not raised these jurisdictional issues, this Court has an obligation to "satisfy [itself] that jurisdiction exists." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (internal quotation marks omitted).

[5] Therefore, we do not reach the other grounds for dismissal relied upon by the district court.

[6] Even if we construed the complaint to include such a claim—and plaintiffs do not contend that it does—plaintiffs do not challenge (and therefore we do not address) the district court's conclusion that there is no private right of action under NEPA.

7

claims challenging state agency action pursuant to Article 78. Those claims have been remanded to state court.

We conclude that we lack jurisdiction with respect to plaintiffs' direct claims under LWCFA and CZMA for different reasons. Federal courts lack jurisdiction over cases that are moot or unripe. *See St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978); *United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020). "The mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal." *Fox v. Bd. of Trs. of SUNY*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation marks and alteration omitted). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (per curiam) (internal quotation marks omitted). A case is unripe where it presents "abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." *Traficante*, 966 F.3d at 106 (internal quotation marks omitted).

Because the Center had already been constructed by the time the district court entered its order, plaintiffs' request to enjoin its construction was moot. *See Knaust v. City of Kingston*, 157 F.3d 86, 87–88 (2d Cir. 1998) (finding request to enjoin construction of park and federal funding of that construction moot after the construction was completed and all federal funding disbursed). The request for declaratory relief, and to compel the parties to obtain a federal review of the project, was moot for the same reason; plaintiffs have not identified any practical consequence from the requested declarations and federal agency review other than that they would block the Center's construction. *See Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (in determining whether

8

a request for declaratory relief is moot, courts consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" (internal quotation marks and emphasis omitted)).

As to the request to enjoin parking and use restrictions, plaintiffs never alleged facts explaining why they believed that the defendants were going to impose such restrictions, and they do not claim that these restrictions were ever put in place. Plaintiffs also have not identified any reason to believe the parking and access rules will change following the Center's opening, or that there is otherwise any live controversy regarding public access or parking in this area. Accordingly, to the extent that plaintiffs sought such an injunction because they anticipated that the restrictions would be imposed during construction or upon opening of the Center, the claim is moot because construction is complete, the Center was opened, and no parking or use restrictions are in place. *See Tann*, 807 F.3d at 52. To the extent that they sought an injunction against future restrictions, the claim was unripe. *See Traficante*, 966 F.3d at 106.

## CONCLUSION

We have considered all of the plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the dismissal of the federal claims, except that we **VACATE** the order and judgment to the extent that the dismissal of some of those claims was with prejudice, and **REMAND** with the instruction that the district court dismiss all of the federal claims against defendants-appellees without prejudice for lack of subject matter jurisdiction. The motions for summary affirmance are **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9